# GENERAL COURT, (E. S.) SEPT. TERM, 1802.

## PARKER's EX'rs. *vs.* FASSITT's EX'rs.

ASSUMPSIT. The declaration contained two counts; the 1st for *work and labour,* and the 2d for *money had and received.* The defendant pleaded the general issue, and the act of limitations.

1. The following statement was agreed upon, viz. That the brig *Lively,* captain *Lawrence,* bound for Amsterdam to New-York, was stranded on a beach in Worcester county some time in January 1795. That the master and hands of said brig, at the time she was so stranded, said she was loaded with gin, and that it was so generally believed in the neighbourhood. That *Schoolfield Parker,* the plaintiffs' testator, in the month of January 1796, found on the beach shore, not more than two miles from the place where the said brig was stranded, seven pipes of gin almost buried in the sand, and the surf washing over them; that, not having a sufficient number of people with him to remove the said gin to a place of safety, he wrote his name upon the pipes, and returned across Sinepuxent bay to the main land to procure assistance. That he returned on the same day with a sufficient number of people to remove the gin; but when he arrived, he found *John Fassitt,* the defendants' testator, with a number of others, engaged in taking the gin out of the sand and surf to a place of safety. That upon *Parker's* attempting to interfere and take

*Proof of the hand writing of the witness to an instrument of writing, is sufficient evidence of its execution, without proving the hand writing of the party to it. The count for money had and received, can only be supported by proof of the actual receipt of money by the defendant.*

*Tho' limitations commence running, if suit be brought within time, and the defendant dies, and no letter testamentary are taken on his estate 'till the three years have expired, limitation is no bar if a new suit be brought without delay against the Executor.*

the gin into his possession, *Fassitt* forbid him, and prevented him from interfering in any manner with it. That *Parker*, on the 15th of February 1796, demanded the gin of *Fassitt* again, but he refused to deliver it to him. That it was nearly after the said brig was stranded before any gin was found on the shore near the place where she was stranded. That 29 pipes of gin, including the above seven, were all that was found near the place where the brig was stranded, and that *Fassitt* had them all in his possession, and paid the duties on them. That *Parker*, in his life-time, instituted an action of trover on the 23d of March 1796, against *Fassitt* in his life-time, for the said seven pipes; that the said action *abated* at September term general court 1798, by the death of *Fassitt*, and that from that time till the 8th of January 1799, there were no letters testamentary taken on *Fassitt's* estate, and that the present suit was brought on the 4th of February 1799.

A paper, purporting to be a power of attorney from *Lawrence*, the master of the brig, to *John Fassitt*, to save, take care of, and sue for, all property which had come out of the said brig, and which might be in the possession of any person, dated the 12th of February 1795, and witnessed by one *John Rackliffe*, (now dead,) was then produced; and a witness sworn to prove *Rackliffe's* handwriting.

*Bayly*, for the defendants, then offered to read the same as evidence to the jury; but

*Harper*, for the plaintiffs, objected—that *Lawrence's* handwriting must first be proved. He insisted that proof of the handwriting of a witness to any instrument of writing was not sufficient proof of its execution, but that the handwriting of the person by whom it purports to have been given, must also be proved in some one or other of the modes pointed out by law. He contended, that the most dangerous consequences would result to society if this were sufficient proof of the execution of an instrument, as nothing would be more easy than to forge any instrument, sign any person's

name to it, prove the handwriting of the witnesses, and charge the party, or his representatives, with all the legal consequences of such an instrument.

SEPT. 1802.

Parker
vs.
Fassitt.

THE COURT decided, that proof of the handwriting of the subscribing witness to the instrument was sufficient proof of its execution (a.)

2. *Harper* and *Whittington*, then moved the court to direct the jury, that if they should find that the plaintiffs had a right to the gin, it was sufficient to charge the defendants on the second count, if their testator had converted the gin to his own use, whether he had ever sold it or received any money for it or not.

To support assumpsit for money had and received, there must be proof of the actual receipt of money.

THE COURT refused to give this direction, and said, that to support an action for money had and received, there must be proof of the actual receipt of money.

3. *Bayly*, then moved the court to direct the jury, that according to the statement of facts in the case, the plaintiffs' claim was barred by the *act of limitations*.

The act of limitations is no bar where a suit is brought in time, which abated by the defendant's death, there being no letters testamentary taken on his estate, nor until the expiration of three years, if a new suit is brought without delay against the executor.

THE COURT refused to give the said direction. They said, that limitations did not affect the case according to the statement of facts agreed upon.

VERDICT FOR THE DEFENDANTS.

(a) The circumstances of *Laurence* being a sea-faring man, and only by accident thrown upon the coast, and that he would probably never again be within the jurisdiction of the court, and the difficulty of discovering where he might be found, for the purpose of issuing a commission to take his deposition, had probably some weight with the court. This being the best evidence of which the nature of the case would ordinarily admit.
*Vide* 7 *T. R.* 266—Where the court determined, that proof of the handwriting of the party executing the instrument, without producing the witness who attested it, if alive, or on proof of his death, by proving his handwriting, is not sufficient—See also *Doug.* 93. Debt on bond to which there were two subscribing witnesses—proof given of the handwriting of one of the witnesses who resided in America, but this was not held sufficient without proving the handwriting of the obligor, and it was further required, that some evidence of the handwriting of the other subscribing witness, or of his being dead, or residing abroad, should be given—7 *T. R.* 266. 5 *T. R.* 371 372. 7 *P. Wms.* 289. 1 *Stra.* 34. 2 *Stra.* 833.